IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY BROUSSARD,

    Petitioner,                    No. CIV S-09-3242 GGH (TEMP) P

    vs.

MIKE EVANS,                          ORDER AND

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the September 11, 2007 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole.

        On February 2, 2011, the undersigned ordered both parties to provide briefing regarding the recent United States Supreme Court decision that found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, 131 S. Ct. 859, 862-63 (2011) (per curiam).

/////

/////

/////

1

The parties have filed briefing,[1] yet for the reasons set forth in the prior order, there is no federal due process requirement for a "some evidence" review, thus the federal courts are precluded from a review of the state court's application of its "some evidence" standard.[2] That being the case, petitioner is not entitled to relief on any of his claims suggesting this court may engage in a sufficiency of the evidence review of the BPH's decision to deny petitioner parole.

The only argument petitioner presents which is not barred by <u>Swarthout</u> is his assertion in his first claim that, by denying petitioner parole, the BPH violated petitioner's plea agreement. The plea agreement claim is a complicated one and raises several issues. However, the undersigned will assume, as have respondent and the Superior Court, that a breach of plea agreement can be raised in a habeas corpus action attacking the action of the BPH in not finding parole suitability.[3]

Generally, assertions of a breached plea after a negative decision by the BPH are nothing more than unsupported-by-the-record, latter day conclusions. This case presents a different situation. Petitioner, 17 years old at the time of his plea, has referenced some disturbing record comments. When discussing the plea in court, the parties were talking about "promises,"

---

[1] Petitioner submitted supplemental briefing on March 22, 2011 and March 29, 2011. The court has considered both briefs.

[2] The court notes some perversity in the result here. Loss of good-time credits, even for a day, pursuant to decision at a prison disciplinary hearing, must be supported by "some evidence." <u>Superintendent v. Hill</u>, 472 U.S. 445, 455 (1985). Assignment to administrative segregation requires the same "some evidence" before such an assignment can be justified. <u>Bruce v. Ylst</u>, 351 F.3d 1283, 1288 (9th Cir. 2003). However, a denial of parole eligibility after sometimes decades in prison, and where another opportunity for parole can be delayed for as long as fifteen more years, requires no such protection from the federal due process standpoint. Nevertheless, such is the state of the law.

[3] The "conviction" under attack in a parole eligibility contexts is the decision of the BPH. However, breach of a plea agreement is more directly related to the underlying criminal conviction, and could be brought at anytime after the alleged breach regardless of a decision of the BPH. That is, if a plea agreement specified a term of years for actual release on parole, the time to bring the habeas would be when the term of years expired with no release on parole. This term might correlate with a BPH decision, and it might not.

and petitioner's counsel stated: "And furthermore that his understanding, our understanding...is that he would be eligible for parole after a period of 16 years, 8 months." See Pet., Ex. B at 54 (our electronic pagination). The prosecutor said: "and the further understanding the possibility of parole is part of this--part of this plea." Id. at 54-55. The trial judge exacerbated the matter by saying on the record: "You understand also that a promise has been made to you in effect that you would be sentenced to prison for 25 years to life but that you would be eligible for parole. Do you understand that?" [Petitioner] "Yes, I do." Id. at 61.

       Eligible in its plain meaning is defined as "fit to be chosen; qualified." Webster's New World Dictionary (Pocket Edition 1983).[4] Although "eligible" at times requires a further decision to effectuate the eligibility, e.g., once a jury determines a defendant is "death eligible" due to the finding of special circumstances, it still requires a further determination by a jury to effectuate this eligibility, a 17 year old might well understand just from the word "eligible" that he actually qualified for parole without further ado after the expressly stated requisite time, albeit the law was not such at the time.[5] See below. The state cases cited by respondent and the Superior Court somewhat help petitioner in that in those cases there was nothing express stated about the time in which one would be eligible for parole, and that was the courts' rationale for not finding a breach of the plea agreement. See In re Honesto, 29 Cal. Rptr. 3d 653, 661 (6th Dist. 2005); In re Lowe, 31 Cal. Rptr. 3d. 1, 13-14 (6th Dist. 2005). While the prosecutor referenced the "possibility" of parole (the state of the law), the trial judge reiterated that petitioner would be "eligible for parole." In addition, the context in which this "promise" was made came shortly after the Determinate Sentencing Law came into effect. While this law did

---

[4] The undersigned has purposefully chosen a dictionary definition published at the approximate time of the plea. However, the word's meaning has not changed much to the present day.

[5] However, "eligible" can take on an expectation meaning, e.g., you will be eligible for promotion into the GS-10, step two position after two years of service. These government promotions are routine and expected, and occur without a further formal decision process assuming that the eligible person has not violated an important employment rule.

nothing to change the indeterminate nature of murder convictions (except to greatly stiffen the number of years to life), it was made at a time when parole eligibility was more of an expectation, assuming good conduct, than it actually turned out to be.

A criminal defendant has a due process right to enforce the terms of a plea agreement. See Santobello v. New York, 404 U.S. 257, 261-62 (1971). However, the violation of a plea agreement turns on contract law – the law on which plea bargains are based. "Plea agreements are contractual in nature and are measured by contract law standards." Brown v. Poole, 337 F.3d 1155, 1159 (9th Cir. 2003) (quoting United States v. De la Fuente, 8 F.3d 1333, 1337 (9th Cir. 1993)).

The contract law applicable to this California state defendant's making a plea agreement in California state court, is of course, California law. Under that law, it is clear that one convicted of murder with the possibility of parole has an expectation of being eligible for parole *if that defendant would not pose an unreasonable risk to society when released.* Cal. Penal Code § 3401; In re Lawrence, 44 Cal. 4th 1181, 1204-1205 (2008). The word "eligible" in this context requires a further determination about one's danger to society by the BPH, and that decision is guided by a number of factors set forth in regulations. Id. As has been observed, even by this petitioner, finding an "eligible for parole" defendant not to be a danger if released is anything but routine; at times, it has almost approached zero possibility.

Thus, petitioner's sincere subjective expectation here, that the phrase "eligible for parole" after a specific time period meant that he *would be* paroled at the expiration of that time period, was simply a misapprehension of the law. And, under California law – absent two exceptions, a mistake of law will not trump what an objective determination of that law would be. Hedging Concepts v. First Alliance Mort., 49 Cal. Rptr. 2d 191, 198-199 (2d Dist. 1996). The two exceptions explained by Hedging are derived from Cal. Civil Code § 1578. They are: (1) all parties share the same mistaken belief about the law; or (2) one side misunderstands the law, *and* the other party understands that a mistake is being made, but does not rectify that

4

misunderstanding. Id. Certainly, the prosecutor was not mistaken about the law because that attorney correctly understood "eligible for parole" to be a mere possibility. Nor is there any evidence that the judge was mistaken as to the law, although the phrase "considered for parole" would have been a much less ambiguous statement of the law than "eligible for parole." Moreover, no evidence has been presented that the prosecutor would have had reason to believe that petitioner misunderstood the law. As set forth earlier, one can have different (but unstated) expectations about what "eligible" really means.

But, in the final analysis, and perhaps in the initial, this is an AEDPA case and the undersigned's *de novo* conclusions may not count for much. The state court decision has to be an unreasonable application of Supreme Court authority, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts in light of the state record, § 2254(d)(2).[6] With respect to

---

[6] The Supreme Court has set forth the operative standard for federal habeas review of state court decisions under AEDPA as follows: "For purposes of § 2254(d)(1), 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" Harrington v. Richter, 131 S. Ct. 770, 785 (2011), citing Williams v. Taylor, 529 U.S. 362, 410 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. at 786, citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).
Accordingly, "a habeas court must determine what arguments or theories supported or . . . could have supported[] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." Id. "Evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.'" Id. Emphasizing the stringency of this standard, which "stops short of imposing a complete bar of federal court relitigation of claims already rejected in state court proceedings[,]" the Supreme Court has cautioned that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id., citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003).
The undersigned also finds that the same deference is paid to the factual determinations of state courts. Under § 2254(d)(2), factual findings of the state courts are presumed to be correct subject only to a review of the record which demonstrates that the factual finding(s) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." It makes no sense to interpret "unreasonable" in § 2254(d)(2) in a manner different from that same word as it appears in § 2254(d)(1) – i.e., the factual error must be so apparent that "fairminded jurists" examining the same record could not abide by the state court factual determination. A petitioner must show clearly and convincingly that the factual determination is unreasonable. See Rice v. Collins, 546 U.S. 333, 338 (2006).

the state law which underlies the federal issues in this case, the federal habeas court is bound by the state law pronouncement absent an arbitrariness designed to avoid the federal issue. See Robinson v. Schiro, 595 F.3d 1086, 1104-1105 (9th Cir. 2010). The Superior Court issued the last reasoned decision, so the undersigned looks to that decision as the reasoning of the state supreme court (which denied the petition summarily). Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S. Ct. 2590 (1991).

The Superior Court found with respect to the plea bargain issue:

"Relief is also denied on Petitioner's plea related claims. Pursuant to the Sixth District cases of *In re Lowe* (2005) 130 Cal. App. 4th 1405 (H027521) and *In re Honesto*, (2005) 130 Cal. App. 4th 81 (H027337) life term inmates receive no substantive benefit from their plea bargains." Answer, Ex. 1.

However, the Superior Court's reading of the two cases is simply not borne out by what the cases actually provided. Indeed, both cases focused on the lack of specific term in the plea agreement to deny that particular claim with the clear intimation that had such a term existed, it would have been honored.

> We find no violation of due process based upon a violation of the plea bargain. Lowe entered into the plea agreement explicitly acknowledging that "theoretically under the law it could mean that [he] could serve the remainder of [his] life in prison." He received his initial parole consideration hearing sooner as a result of his plea bargain, but he never was promised, as part of his plea bargain, that a specific release date or his parole suitability would be determined by any particular person or persons.

Lowe, 130 Cal. App. 4th at 1424, 31 Cal. Rptr. 3d at 14.

> We also reject the superior court's conclusion that the Board violated Honesto's plea agreement by denying him parole based on the facts of his offense. The applicable statute and regulations make the facts of the offense a critical part of the Board's consideration of parole suitability, and this was true when Honesto entered into the plea agreement. (Pen.Code, § 3041, subd. (b); Regs, § 2402, subd. (c)(1); In re Dannenberg, supra, 34 Cal.4th at p. 1082, 23 Cal.Rptr.3d 417, 104 P.3d 783.) Honesto has not established that any express or implied term of his plea agreement precluded the Board from exercising its statutorily authorized

/////

        discretion to consider the facts of the offense in determining his suitability
for parole.

Honesto, 130 Cal. App. 4th at 93, 29 Cal. Rptr. 3d at 661.

        Here there were specific, albeit ambiguous, terms in petitioner's agreement; the issue here is whether those terms were breached under California law.  For the reasons set forth above, the undersigned has found that they were not, and therefore, it follows that no federal claim can arise on the basis of violating a term of the plea agreement.

        For all of the foregoing reasons, the court will recommend that petitioner's application for writ of habeas corpus be denied.  The court notes that petitioner has requested the appointment of counsel.  There is no absolute right to appointment of counsel in habeas proceedings, see Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996), and, in light of the above, there is no cause for appointment.

        Accordingly, IT IS HEREBY ORDERED that:

        1. The Clerk of the Court assign a district court judge to this case; and

        2. Petitioner's motion for the appointment of counsel (#22) is denied.

IT IS HEREBY RECOMMENDED that:

        1. Petitioner's application for writ of habeas corpus be denied; and

        2. This case be closed.

        If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written

1 objections with the court and serve a copy on all parties.  Such a document should be captioned
2 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
3 shall be served and filed within fourteen days after service of the objections.  The parties are
4 advised that failure to file objections within the specified time may waive the right to appeal the
5 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 9, 2011

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

kc
brou3242.157(1)